**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50541
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO CESAR LOZANO-CHAVARRIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-759-ALL

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Lozano-Chavarria appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a), and, thus, it was substantively unreasonable. Lozano-Chavarria concedes that this court ordinarily applies a presumption of reasonableness to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because the 16-level enhancement he received under U.S.S.G. § 2L1.2 is not empirically supported. Lozano-Chavarria points out that the instant offense did not involve violent conduct, did not pose a danger to others, and was no more than an international trespass. He also contends that the guideline range did not account for his motivation for reentering the United States, which was to help his mother and bedridden brother. As these guidelines arguments were not raised below, plain error review applies. *See Campos-Maldonado*, 531 F.3d at 339.

The question in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (internal quotation marks and citation omitted). In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*. The district court considered Lozano-Chavarria's sentencing arguments and determined that a sentence at the bottom of the applicable guideline range was appropriate. Lozano-Chavarria's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *Gomez-Herrera*, 523 F.3d at 565-66.

Because Lozano-Chavarria has not shown that his sentence is unreasonable, he has not shown plain error. *See Campos-Maldonado*, 531 F.3d at 339. Accordingly, the district court's judgment is AFFIRMED.